RANDOLPH B. MARTINE *vs.* THE INTERNATIONAL LIFE ASSURANCE SOCIETY OF LONDON, and the EMPIRE MUTUAL LIFE INSURANCE COMPANY.

A foreign insurance company which has issued a policy upon the life of a citizen of this country, is to be considered as not affected by the state of war which existed between the different sections of the United States from 1860 to 1864, but is to be deemed a neutral; and the contract of life insurance is not impaired by the war.

And where such a company had agents at Fayetteville (N. C.) during the war, who were agents for the purpose of receiving premiums; *Held* that all payments of premiums, made to them by persons insured, were valid and bound the insurers.

*Held, also,* that payments to such agents, made in the currency then in use, if so received, would constitute valid payments.

Where an agency of an insurance company was given to two persons, not as individuals, but as partners, composing the firm of S. & P.; *Held* that both were liable for the acts of either, and the principal had the right to suppose that the joint action of both would be invoked, in the discharge of the agency.

And that the agency of the firm ceased with the death of one member of it, and could not be exercised by the survivor, either in the name of the firm, or of himself individually.

*Held, further,* that after the insured had notice of such death, payments made to the survivor were not to be deemed as made to any agent of the insured, so as to make them valid.

APPEAL, by the defendants, from a judgment entered upon the report of a referee.

The action was brought upon a policy made June 4, 1851, by the defendant, the International Life Assurance Society, (then entitled the National Loan Fund Life Assurance Society,) of London, upon the life of James Martine, of Fayetteville, North Carolina, in favor of Hester Martine, his wife, for $5000.

James Martine having died on the 9th of October, 1864, the plaintiff brought this action, upon the policy, as assignee thereof.

The defendants first named, by their answer, denied each and every allegation in the complaint contained, except that they were organized as an association, or society,

under the laws of the kingdom of Great Britain and Ireland; and averred that they acted as a distinct organization within the United States, issuing policies, receiving premiums, and paying losses in moneys current in the United States, and under the direction of a board of directors, acting and holding their meetings in the city of New York, where they had an office with directory and executive officers, who appointed the agents of the defendants in the different United States. They admitted that, on or about the 4th day of June, in the year 1851, and at the city of New York, the said local board in the city of New York did cause to be executed and issued to one Hester Martine, the policy of insurance, a copy of which was annexed to the complaint. And they alleged that the whole amount of any bonus, or sum assigned to said policy, did not exceed the sum of $284.75, which would only be due to the holder of said policy in case of its being continued in force, and that, the said policy having become void, there is nothing due thereon by way of bonus or assignment. That the premiums of insurance, as required by said policy, were paid to the said board in the city of New York, up to and including the 4th day of June, in the year 1860, and not after that time, and they averred that if any premiums were paid by said assured subsequently on said policy, the same were not paid to these defendants, or to any person authorized to receive the same for them, or in lawful moneys. That no part of the sum of $7500 claimed in the complaint had been paid; and also that the plaintiff was a resident of the State, and that the causes of action arose, and that the defendants had property therein. That the terms and conditions of said policy prescribe that the premiums thereon should be paid on or before the 4th day of June, in each and every year during the life of the assured, and that the payment of the same as aforesaid, was a condition of the payment of any loss arising under said policy; and the defendant averred that

the assured failed to perform her part of the terms and conditions therein, in that she did not pay any of the premiums on said policy, which, by the terms thereof, became due on the 4th day of June, 1861, wherefore, by the terms and conditions of said policy, it became void and of no effect. That, as a part of the conditions of the said policy, it is provided that if the party shall enter into, or engage in any military or naval, or preventive service whatever, without the previous consent in writing of the directors of said society, then that the policy should become void. And the defendants averred, on information and belief, that the said James Martine, whose life was insured by the terms of said policy, did engage, in some manner, in the military or preventive service of the (so called) Confederate States of America, sometime since the issuing of said policy, without the consent of the directors of said society, or any of them, wherefore the said policy became void. And the defendants further stated that, by the terms and conditions of said policy, it was provided that upon the death of the party assured, the claimants should make satisfactory proof thereof to the directors of said society, and also of the time and manner of such death, and they averred that no satisfactory proof of the decease of said Martine had been made.

The answer of the defendant, the Empire Mutual Life Insurance Company, was similar to that of its co-defendant, and in addition, alleged, on information and belief, that the plaintiff was not the real party in interest in this action ; but that the same was prosecuted by the plaintiff for the benefit and advantage of some other person, or persons.

The action was referred to a referee, who reported that he found, from the admissions in the answers and the proofs on the trial, the following matters of fact :

That the defendant, the International Life Assurance Society of London, is a foreign corporation, duly created

by and under an act of parliament of the United Kingdom of Great Britain and Ireland, in the year 1837, under the title "The National Loan Fund Life Assurance Society;" that said defendant did business in the State of New York, by and under an act of the legislature of this State, entitled "an act to provide for the incorporation of life and health insurance companies, and in relation to agencies of such companies," passed June 24, 1853, and the acts amendatory thereof.

That in the year 1855, by an act of the said parliament, the name of said corporation was changed from "The National Loan Fund Life Assurance Society" to "The International Life Assurance Society of London," its present title.

That, on the 4th day of June, 1851, in consideration of the payment, by one Hester Martine, to the said defendant, of the annual premium of $255, the said defendant, by its duly authorized agent, made and delivered to the said Hester Martine its policy of insurance upon the life of James Martine, in the sum of $5000, and also in such further sum, or sums, as should have been assigned to, or in respect of said policy, or by way of bonus, or addition to said sum of $5000; which said sum of $5000, and said further sum, or sums, so to be assigned by way of bonus, were and are, by the terms of said policy, payable to said Hester Martine, who was the wife of said James Martine, and as such had a valuable interest in his life. That, afterwards, and during the life of said James Martine, said defendant assigned various sums in respect of said policy, by way of bonus, or addition to said sum of $5000, amounting in all to $284.75. That the said James Martine, on the 9th day of October, 1864, at Fayetteville, North Carolina, died, and that his death was not caused or occasioned by any of the causes excepted in said policy, nor by his own hands, nor by dueling, nor by the hands of justice. That, up to the time of the death of the said James Mar-

tine, all premiums accrued upon said policy were duly paid, and the said James and Hester Martine duly fulfilled all the conditions of said assurance, on their part to be performed, and that due and timely notice, and proof of the death of said James Martine, were given to the said defendant by said Hester Martine, and that she duly demanded payment of the said sum of $5000, and a further sum of $2500, which she supposed was the bonus, or addition assigned to said policy; that no part of the said sum has been paid, and the defendants are now indebted to the plaintiff in the sum of $5000, the amount of said policy, and the further sum of $284.75, amounting in all to the sum of $5284.75, with interest from the 9th day of October, 1864, amounting to the sum of $2445.54. That, after the death of the said James Martine, and before the commencement of this suit, the said Hester Martine duly assigned to the plaintiff herein, the said policy and all her right, title and interest under the same, and the amount due and payable to her under said policy, and all bonuses due under the same, and all her right, property, interest, claim and demand in and to said policy.

That the plaintiff is a resident of the State of New York, and the defendant, the International Life Assurance Society of London, had, at the time of the commencement of this action, a place of business in this State, and that the cause of action herein arose in the State of New York. That heretofore, on the 3d day of October, 1870, by an order of this court, made in the suit of said defendant, the International Life Assurance Society of London and another, against William Barnes, superintendent of the insurance department of the State of New York and others, upon the petition of said defendant, the Empire Mutual Life Insurance company, said last named defendant became charged and bound to pay any judgment herein recovered; and that said defendant, by a further order made in said suit, on the 10th day of November, 1870, upon the

application of said defendant, was made a party defendant herein, and charged and bound as aforesaid.

And the referee found, as a conclusion of law, that the plaintiff was entitled to judgment against the above named defendants, for the sum of $7730.20, principal and interest, besides costs. And he ordered judgment accordingly.

*Harrison & Wesner,* for the appellant.

*Matthew Daly,* for the respondent.

*By the Court,* INGRAHAM, P. J. The referee in this case has found that the International Assurance Society is a foreign corporation; that in 1851 a policy of insurance for $5000 on the life of James Martine was made by such society, the loss payable to his wife, Hester Martine. That James Martine died in October, 1864, in North Carolina, from causes not within the exception in the policy; that all premiums had been paid up to the time of the death of James Martine, and all the conditions of the policy were fulfilled; that Hester Martine duly assigned the claim to the plaintiff, and that the plaintiff was entitled to judgment.

It seems to be conceded that this company is to be considered as not affected by the state of war which existed between the different sections of the country from 1860 to 1864, when Martine died, but that they were neutrals, and the existing contract between the company and Martine was not affected thereby.

Nor do I think there is any difficulty as to the payments made to Starke & Pearce as agents for the company, in North Carolina. The testimony of Holbrook is, that they were the agents of the company, in Fayetteville, North Carolina, to receive premiums, and that such agency had not been revoked, to his knowledge. The exhibits O, P and Q, expressly authorized the premium to be paid to the

agent at Fayetteville, North Carolina, and such payments made to them by the insured would be valid. In like manner, the payments, if made in the currency then in use, if so received, would constitute a valid payment. Such I understand to be the decisions made by this court, and, on some of the points, by the Court of Appeals, in *Robinson* v. *The International Life Assurance Co.*, (42 *N. Y.* 54.)

During the year preceding June 1862, Starke died, and the payments were made to Pearce, who receipted for the same as surviving partner; and all the subsequent payments were made in the same manner. These receipts, thus given, were full notice to the insured of the death of one of the agents. There is no evidence of any communication with Pearce after that date, nor of any act ratifying his agency, after the death of Starke.

The agency was of the firm of Starke & Pearce. It was not to them as individuals, but as a firm. Both were liable for the acts of either, and the principal had a right to suppose that the joint action of both would be invoked, in the discharge of the agency. Whether that agency was merely for the purpose of receiving the money, or for the purpose of passing on the risks to be taken, would not affect the rule. If merely to receive the money, the joint liability of both, for its payment, was required; if for the character of the risks, the judgment of both was necessary. When one died, all further powers of the firm ceased, except for the purpose of settling its affairs. No new business could be transacted in the name of the firm; no new liability could bind the estate of the deceased partner; and no authority could be executed in the name of the firm under a power given previous to the death of the partner.

All the cases relied on by the plaintiff's counsel are cases relating to the power of the surviving partner in relation to the business of the firm.

I am of the opinion that the agency of the firm ceased with the death of one member of the firm, and could not

be exercised by the survivor, either in the name of the firm, or of himself individually; that the insured had notice of such death by the receipt given for the premium in 1862, and that the subsequent payments were not made to any agent of the insurer, so as to make such payment a valid one.

There was error in this finding, and the judgment should be reversed, and a new trial ordered; costs to abide the event.

[FIRST DEPARTMENT. GENERAL TERM, at New York, April 1, 1872. *Ingraham*, P. J., and *Cardozo*, Justices.]